# Schankweiler *v.* Pennsylvania Light Co., Appellant.

*Practice, C. P.—Trial—Improper remarks of juror—Withdrawal of juror—Continuance.*

1. That confidence in trial by jury may be preserved and that parties may feel a verdict is based on an honest consideration of the evidence and not on prejudice or sympathy, every appearance of evil must be avoided and every precaution taken to guard against all matters tending in the slightest degree to corrupt or influence the verdict.

2. In an action by a wife to recover damages for the death of her husband, where plaintiff gives testimony as to the methods of bookkeeping employed by herself and husband in their business, and on leaving the stand a juror says to her within the hearing

of the other jurors, "I admire your way of doing business," indicating approval, it is reversible error for the court to refuse to withdraw a juror and continue the case.

3. While the words used by the juror did not directly concern the issues of fact the jurors were called upon to decide, they might readily be construed as tending to show sympathy for plaintiff and unfitness on his part to give defendant an impartial trial.

Argued May 9, 1922. Appeal, No. 333, Jan. T., 1922, by defendant, from judgment of C. P. Northumberland Co., Dec. T., 1919, No. 296, on verdict for plaintiff, in case of Daisy Schankweiler v. Pennsylvania Lighting Company. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for death of plaintiff's husband. Before MOSER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $17,250. Defendant appealed.

*Error assigned,* inter alia, was refusal to withdraw a juror, quoting the record.

*Charles C. Lark,* for appellant.—It was error to refuse to withdraw a juror because of the misconduct of one of them: McKahan v. B. & O. R. R., 223 Pa. 1; Hale v. Hale, 32 Pa. Superior Ct. 37; Mix v. North Am. Co., 209 Pa. 636; Seeherman v. Wilkes-Barre Co., 255 Pa. 11; Davis v. Stowe Twp., 256 Pa. 86; Saxton v. Ry., 219 Pa. 492; Curran v. Lorch, 243 Pa. 247; Meyer v. Cadwalader, 1 Pa. Dist. R. 274; Fisher v. Fisher, 20 Pa. Dist. R. 56; Com. v. Vitale, 250 Pa. 552.

*J. Fred Schaffer,* with him *J. A. Welsh,* for appellee.

OPINION BY MR. JUSTICE FRAZER, June 24, 1922:

Charles Schankweiler, plaintiff's deceased husband, while working in his garage, grasped an electric lamp at-

tached to an ordinary extension cord and received a shock which resulted in his death. The evidence submitted on behalf of plaintiff tended to show that a high tension wire carrying 2,200 volts connected with a transformer located on a pole near plaintiff's property had come in contact with plaintiff's service wire, greatly overcharging the latter and producing the condition which caused decedent's death. The court below submitted all the issues of fact to the jury and from a verdict in plaintiff's favor defendant appealed. The verdict was high, but, in view of the testimony as to the earning power of decedent, we would not be disposed to reverse were it not for matters happening on the trial, which, in our opinion, require a new submission to the jury.

At the end of the first day of the trial as plaintiff, the last witness called, was leaving the stand, one of the jurors approached her and said, "I admire your way of doing business." On being warned by the trial judge that the remark was improper, the juror replied, "It cannot be helped." A motion was made for the withdrawal of the juror and continuance of the case; this the court refused.

The contention of appellant is that the remarks of the juror indicated at the outset of the trial his sympathy with plaintiff consequently was so prejudiced as not to be qualified to try the case fairly. The assertion was, no doubt, induced by testimony given by plaintiff on the question of measure of damages in which she described methods employed in bookkeeping by plaintiff and deceased in the conduct of their business. For this reason the court below took the view that the language of the juror indicating his approval of the business methods of plaintiff revealed nothing as to his impressions concerning the controlling issues in the case, nor did it disclose feeling in favor of or against either party, therefore, that while the remark was improper, it was not such as to justify either the withdrawal of the juror or interference with their verdict. Although the words used did not di-

rectly concern the issues of fact the jurors were called on to decide, the language might readily be construed as tending to show sympathy for plaintiff and create serious doubt whether the juror had not already determined to favor plaintiff, or at least place on defendant the burden of overcoming the bias or prejudice apparently existing in that juror's mind before hearing the entire evidence.

That confidence in trial by jury may be preserved and that parties may feel a verdict is based on an honest consideration of the evidence and not on prejudice or sympathy, every appearance of evil must be avoided and every precaution taken to guard against all matters tending in the slightest degree to corrupt or influence the verdict. The statement made by the juror could not but indicate to the other jurors, and parties concerned, the existence of a friendly interest in plaintiff, such as might naturally lead to prejudice in her favor. This feeling was naturally heightened by various remarks of plaintiff during the course of her testimony in which she used such expressions as, "Give me back my husband and I do not want your money"; "Your firm killed him." While no exceptions were taken to these remarks we refer to them in connection with the other circumstance as giving additional weight to the theory that the jury were probably prejudiced and permitted this bias to be reflected in their verdict. As the case goes back for a new trial we take this occasion to express our disapproval of such statements interjected by parties for the apparent purpose of gaining the sympathy of the jury.

Although the court below, in its opinion overruling defendant's motion for a new trial, pointed out distinctions between the present case and McKahan v. B. & O. R. R., 223 Pa. 1, we are of opinion what was said there is controlling here. There the trial judge, during argument of a motion for nonsuit, said, if conditions stated were true, "the railroad ought certainly to have somebody there to give warning" to persons using the crossing. This remark was followed by applause from the audience

in which one of the jurors joined. In holding it was error to refuse to withdraw a juror under the circumstances it was stated the impression made upon the minds of the jurors by the remark of the judge was manifestly against defendant and such impression would probably not be easily removed by anything the trial judge could say in instructing them to disregard the statement. In the present case it is impossible to determine the impression other jurors received from the incident, nor is it possible to say to what extent the remark revealed an actual prejudice existing in the mind of the juror; however, an orderly administration of the law requires us to disapprove of any act, conduct or words tending to cast serious doubt upon the verdict rendered. While the question is one that should ordinarily be left to the discretion of the trial judge, we are of opinion the remarks of the juror indicated his unfitness to give defendant an impartial trial and that he should have been withdrawn from the jury and censured by the court for his conduct.

As a new trial must be awarded for the reason given above, the other assignments of error need not be considered.

The judgment is reversed and a new trial granted.